& form CV69

I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO ~~ALL COUNSEL~~ Petitioner ~~(OR PARTIES)~~ AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 4/30/2012

Denise Vo

DEPUTY CLERK

O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

FILED
CLERK, U.S. DISTRICT COURT

APR 30 2012

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

| | |
|---|---|
| LEVAR BROWN,<br><br>    Petitioner,<br><br>    v.<br><br>SUPERIOR COURT OF LOS ANGELES COUNTY, et al.,<br><br>    Respondent. | Case No. CV 12-3593-VAP (MLG)<br><br>MEMORANDUM AND ORDER APPOINTING COUNSEL AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITH LEAVE TO AMEND |

    Levar Brown filed this petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, on April 25, 2012. He is currently incarcerated in the Los Angeles County Jail. The petition is quite difficult to interpret. As best that the Court can determine from the pleading, Petitioner is awaiting trial and/or probation violation proceedings on a variety of state criminal charges. At some point during pretrial proceedings, the trial court denied a motion to suppress evidence. Petitioner sought a writ of mandate or prohibition from the California Court of Appeal, which was denied on February 21, 2012. According to Petitioner, he filed a petition for review in the California Supreme Court, but there is no record on that Court's website of such a pleading being filed.

//

The current petition for writ of habeas corpus is defective in that it names an improper Respondent. The proper Respondent is the official having custody of the prisoner. Moreover, the claims in the petition clearly are not exhausted, thereby precluding relief under section 2254. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). Finally, it would appear that consideration of the petition is barred by the decision in *Younger v. Harris*, 401 U.S. 37, 43-54 (1971), which requires the federal courts to abstain in ongoing state criminal proceedings.

Based on the above-noted deficiencies, the petition is DISMISSED with leave to amend. Petitioner may file a "First Amended Petition" not later than 21 days from the date of this order. To that end, the Clerk is instructed to send to petitioner with this order a copy of the latest version of form Civ 69 - Petition for Writ of Habeas Corpus by a Person in State Custody, pen-changed to reflect "First Amended" Petition. Petitioner is advised that any memorandum in support of the petition is limited to 15 pages. Petitioner must clearly explain the basis of his detention as well as the nature of any appeals he has taken. **Petitioner is further advised that if he fails to file a First Amended Petition in accordance with the requirements of this order and 28 U.S.C. § 2254, the action will be subject to dismissal without further notice.**

Dated: April 30, 2012

_____
Marc L. Goldman
United States Magistrate Judge